IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEE COLE,<br><br>           Petitioner,<br><br>    v.<br><br>B. CATES,<br><br>           Respondent. | No. 2:22-CV-0198-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion, ECF No. 13, to dismiss this petition for lack of jurisdiction as a second or successive petition filed without prior leave of the Ninth Circuit Court of Appeals.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner

1

must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Petitioner in this case was convicted in 2007 in the Solano County Superior Court of assault with a deadly weapon by a life prisoner, possession of a deadly weapon while confined in a penal institution, and an enhancement for a prior serious felony conviction. See ECF No. 13-1 (Exhibit A – California Court of Appeal opinion in People v. Cole, case no. A120544). Petitioner was sentenced to twenty-nine years to life. See id. On direct review, the California Court of Appeal reversed Petitioner's simple assault count as a lesser included offense of the inmate assault count, and otherwise affirmed the judgment. See id. The California Supreme Court denied review in 2009. See ECF No. 13-2 (Exhibit B – California Supreme Court decision in People v. Cole, case no. S168987).

1       In 2010, Petitioner filed a habeas petition in this court challenging the 2007
2  conviction.  See Cole v. Swarthout, case no. 2:10-CV-2042-JAM-CKD.  On February 23, 2012,
3  the court denied the petition with prejudice as untimely and denied a certificate of appealability.
4  See id.  In 2020, Petitioner filed a second habeas petition in this court challenging the 2007
5  conviction.  See Cole v. Sullivan, case No. 2:20-CV-1452-GGH.  That petition was also denied as
6  untimely.[1]

7       In 2020, filed an application in the Ninth Circuit Court of Appeals for leave to file
8  a second or successive petition in the district court challenging the same 2007 Solano County
9  conviction.  See ECF No. 13-3 (Exhibit C – Ninth Circuit application, case no. 20-72499).  The
10 Ninth Circuit denied the application.  See ECF No. 13-4 (Exhibit D – Ninth Circuit order, case
11 no. 20-72499).

12      The instant federal petition was filed on January 31, 2022, challenging the 2007
13 Solano County conviction.  Because it was filed without prior leave of the Ninth Circuit, and
14 because it is second of successive of the 2010 petition in Cole v. Swarthout, case no. 2:10-CV-
15 2042-JAM-CKD, and 2020 petition in Cole v. Sullivan, case No. 2:20-CV-1452-GGH, and
16 because both prior petitions were decided on the merits, the instant third petition must be
17 dismissed for lack of jurisdiction.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

27 ———————————
      [1]    Though the 2020 petition was also second or successive, the respondent in that
28 case moved to dismiss on timeliness grounds and did not raise the second or successive issue.

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 13, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE